■ In the Matter of SKINNER AND COOK, INC., Petitioner, v. IRVING SAYPOL, a Justice of the Supreme Court, First Judicial District, Respondent.— Application for an order pursuant to article 78 denied; the cross motion to dismiss the petition granted, without costs and without disbursements; and the proceeding dismissed. No showing of grounds for disqualification is made (*Matter of Fitzgerald* v. *Wells*, 9 A D 2d 812, mot. for lv. to app. den., 7 N Y 2d 711; *Matter of Handelman* v. *Saypol*, 33 A D 2d 544). Concur — Stevens, P. J., McNally, Steuer and Tilzer, JJ.

## SECOND DEPARTMENT, MARCH, 1970

### (March 2, 1970)

■ JANET CRAFT, Appellant, v. GEORGE CRAFT, Respondent.— In an action in which plaintiff was granted a judgment of separation which, *inter alia,* provided that the marital residence owned by the parties as tenants by the entirety be sold " at the earliest practical time ", plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County, dated June 23, 1969, as (1) granted defendant's motion to compel plaintiff to execute a certain conditional contract of sale that had been signed by defendant and the prospective purchaser and (2) contained other provisions with respect to the contract, constituting in all the first, second, third and sixth decretal paragraphs of the order. Order reversed insofar as appealed from, on the law and the facts, with $10 costs and disbursements, and defendant's motion denied. In view of the fact that the judgment had awarded custody of the parties' five children to plaintiff, it was an improvident exercise of discretion for the Special Term to direct that the contract of sale be signed by her (*Zahler* v. *Zahler,* 28 A D 2d 925). Under these circumstances, there can be no doubt that now is not the earliest practical time when the premises can be sold. If the trial court had indeed anticipated an immediate sale of the premises, in computing the alimony award, then the court has the power, upon proper application, to modify the alimony award upon the basis of the change in circumstances in the parties' financial condition which this decision will bring about. We do not reach the question as to whether the court has the power to direct sale of the house. Beldock, P. J., Christ, Munder, Martuscello and Kleinfeld, JJ., concur.